## PROMISSORY NOTE
### (AMENDED)

**December 1, 2015**

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

**EXHIBIT A-2**

TTR000001

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

**TTR000002**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.  Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.  Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.  Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13.  Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____

John E Williams, III
Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____

Dymra H. Williams
Managing Partner

3

**TTR000003**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____Jan. 2_____, ~~2017,~~ by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

**TTR000004**

## PROMISSORY NOTE
## (AMENDED)

**March 10, 2017**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000005**

6.  Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7.  Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8.  Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000006

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13. Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                        Texas Tea Reclamation, LLC

By: _____                       By: _____

    John E Williams, III                              Dymra H. Williams
    Managing Partner                                  Managing Partner

3

**TTR000007**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____, 2017, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL

4

**TTR000008**

**PROMISSORY NOTE**
**(AMENDED)**

**January 14, 2016**

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000009

6. <u>Waivers.</u>

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. <u>Notices.</u>

     All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. <u>Interest Rate Limitation.</u>

     Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

**TTR000010**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.  <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.  <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.  <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13.  <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                         BORROWER:

Texas Tea Reclamation, LLC                         Texas Tea Reclamation, LLC

By: _____                      By: _____

John E Williams, III                               Dymra H. Williams
Managing Partner                                   Managing Partner

3

**TTR000011**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _Jan. 2 2018_, ~~2017~~; by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL
NATHAN EASTIN
NOTARIAL
STATE OF MONTANA

4

**TTR000012**

**PROMISSORY NOTE**
**(AMENDED)**

**February 25, 2016**

1. Principal.

   FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $50,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

   Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

   All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

   Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

   The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

   Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

   If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000013**

6.  Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note; and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7.  Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8.  Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

**TTR000014**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.


BORROWER:                                             BORROWER:

Texas Tea Reclamation, LLC                            Texas Tea Reclamation, LLC

By: _____                           By: _____
John E Williams, III                                  Dymra H. Williams
Managing Partner                                      Managing Partner

3

**TTR000015**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____Jan. 2_____ 2018 , 2017, by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL

4

**PROMISSORY NOTE**
**(AMENDED)**

**March 2, 2016**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000017**

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

**TTR000018**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13. Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                         Texas Tea Reclamation, LLC

By: _____                      By: _____
      John E Williams, III                               Dymra H. Williams
      Managing Partner                                   Managing Partner

3

**TTR000019**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____Jan 2_____, ~~2017~~ 2018, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

NATHAN EASTIN
NOTARIAL
SEAL
STATE OF MONTANA

4

TTR000020

**PROMISSORY NOTE**
**(AMENDED)**

**March 18, 2016**

1. <u>Principal.</u>

   FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $125,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>

   Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

   All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

   Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. <u>Maturity Date.</u>

   The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. <u>Prepayment</u>.

   Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. <u>Attorneys' Fees and Costs.</u>

   If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been been added to principal.

1

6. <u>Waivers.</u>

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. <u>Notices.</u>

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. <u>Interest Rate Limitation.</u>

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.  Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.  Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.  Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13.  Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                                BORROWER:

Texas Tea Reclamation, LLC                              Texas Tea Reclamation, LLC

By: _____                             By: _____
    John E Williams, III                                    Dymra H. Williams
    Managing Partner                                         Managing Partner

TTR000023

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____Jan 2_____; ~~2017~~ 2018, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

TTR000024

**PROMISSORY NOTE**
**(AMENDED)**

**May 2, 2016**

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000025

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

**TTR000026**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.


BORROWER:                                              BORROWER:

Texas Tea Reclamation, LLC                            Texas Tea Reclamation, LLC

By: _____                          By: _____
    John E Williams, III                                 Dymra H. Williams
    Managing Partner                                     Managing Partner

TTR000027

State of Montana
County of Gallatin

This instrument was acknowledged before me on _Jan, 2_____, ~~2017~~ by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL

4

**TTR000028**

**PROMISSORY NOTE**
**(AMENDED)**

**June 8, 2016**

1. <u>Principal.</u>

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. <u>Maturity Date.</u>

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. <u>Prepayment</u>.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. <u>Attorneys' Fees and Costs.</u>

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000029**

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                                   BORROWER:

Texas Tea Reclamation, LLC                    Texas Tea Reclamation, LLC

By: _____               By: _____
    John E Williams, III                                  Dymra H. Williams
    Managing Partner                                     Managing Partner

3

TTR000031

State of Montana
County of Gallatin

This instrument was acknowledged before me on ⟋ᴀ𝓃 ᒿ _____, ~~2017~~ 2018, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

TTR000032

**PROMISSORY NOTE**
**(AMENDED)**

**June 27, 2016**

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000033**

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

**TTR000034**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

   In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

   In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

   Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

   Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

   This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

   IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                         Texas Tea Reclamation, LLC

By: _____                      By: _____
    John E Williams, III                               Dymra H. Williams
    Managing Partner                                   Managing Partner

3

State of Montana
County of Gallatin

This instrument was acknowledged before me on _Jan 2_____, ~~2017~~ *2018*, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

**TTR000036**

## PROMISSORY NOTE
## (AMENDED)

**July 15, 2016**

1. <u>Principal.</u>

   FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>

   Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

   All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

   Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. <u>Maturity Date.</u>

   The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. <u>Prepayment</u>.

   Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to accrued, but not yet due and payable, interest.

5. <u>Attorneys' Fees and Costs.</u>

   If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000037

6.  Waivers.

(a)  Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b)  Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c)  Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7.  Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8.  Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

TTR000038

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                        BORROWER:

Texas Tea Reclamation, LLC                       Texas Tea Reclamation, LLC

By: _____                     By: _____
     John E Williams, III                              Dymra H. Williams
     Managing Partner                                  Managing Partner

3

**TTR000039**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _Jan 2_____, 2017, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL

4

**TTR000040**

**PROMISSORY NOTE**
**(AMENDED)**

**September 26, 2016**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000041**

6.  Waivers.

(a)  Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b)  Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c)  Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7.  Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8.  Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

**TTR000042**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13. Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                          Texas Tea Reclamation, LLC

By: _____                        By: _____
John E Williams, III                                Dymra H. Williams
Managing Partner                                    Managing Partner

3

TTR000043

State of Montana
County of Gallatin

This instrument was acknowledged before me on ~~Jan 2~~ ~~2017,~~ by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

TTR000044

**PROMISSORY NOTE**
**(AMENDED)**

October 27, 2016

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000045**

6.  Waivers.

    (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

    (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

    (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7.  Notices.

    All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8.  Interest Rate Limitation.

    Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

TTR000046

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence.</u>

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                           BORROWER:

Texas Tea Reclamation, LLC                          Texas Tea Reclamation, LLC

By: _____                          By: _____
     John E Williams, III                                Dymra H. Williams
     Managing Partner                                    Managing Partner

3

**TTR000047**

State of Montana
County of Gallatin

This instrument was acknowledged before me on ~~Jan 2~~ ~~2018~~ ~~, 2017,~~ by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL
NATHAN EASTIN
NOTARIAL
STATE OF MONTANA

4

**TTR000048**

**PROMISSORY NOTE**
**(AMENDED)**

December 9, 2016

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000049

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

**TTR000050**

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. Modification.

     In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

     In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

     Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

     Time is of the essence with respect to every provision of this note.

13. Governing Law.

     This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

     IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                         BORROWER:

Texas Tea Reclamation, LLC                        Texas Tea Reclamation, LLC

By: _____                     By: _____
     John E Williams, III                              Dymra H. Williams
     Managing Partner                                  Managing Partner

3

**TTR000051**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____Jan 2_____, 2017, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL
NATHAN EASTIN
NOTARIAL
STATE OF MONTANA

4

**TTR000052**

**PROMISSORY NOTE**
**(AMENDED)**

January 17, 2017

1.  Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2.  Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3.  Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4.  Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5.  Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000053**

6. Waivers.

    (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

    (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

    (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

    All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

    Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____
    John E Williams, III
    Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
    Dymra H. Williams
    Managing Partner

3

**TTR000055**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _Jan 2_____, ~~2017~~ 2018, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

NATHAN EASTIN
NOTARIAL
SEAL
STATE OF MONTANA

4

TTR000056

PROMISSORY NOTE
(AMENDED)

February 14, 2017

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

6.  Waivers.

    (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

    (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

    (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7.  Notices.

    All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8.  Interest Rate Limitation.

    Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000058

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

    In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.  Number and Gender.

    In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.  Headings.

    Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.  Time is of the Essence.

    Time is of the essence with respect to every provision of this note.

13.  Governing Law.

    This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

    IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____
    John E Williams, III
    Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
    Dymra H. Williams
    Managing Partner

3

**TTR000059**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____, 2017, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

TTR000060

## PROMISSORY NOTE
## (AMENDED)

**April 20, 2017**

1. Principal.

   FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

   Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

   All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

   Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

   The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

   Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

   If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000061**

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

     All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

     Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

TTR000062

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13. Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                        BORROWER:

Texas Tea Reclamation, LLC                       Texas Tea Reclamation, LLC

By: _____                      By: _____
John E Williams, III                             Dymra H. Williams
Managing Partner                                 Managing Partner

3

**TTR000063**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _Jan 2_____ , 2017, by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL

4

TTR000064

## PROMISSORY NOTE
## (AMENDED)

**May 26, 2017**

1.  Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2.  Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3.  Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4.  Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5.  Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000065

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate  is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  <u>Modification.</u>

    In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.  <u>Number and Gender</u>.

    In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.  <u>Headings</u>.

    Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.  <u>Time is of the Essence</u>.

    Time is of the essence with respect to every provision of this note.

13.  <u>Governing Law</u>.

    This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

    IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____
     John E Williams, III
     Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
     Dymra H. Williams
     Managing Partner

3

**TTR000067**

State of Montana
County of Gallatin

This instrument was acknowledged before me on ___*Jan 2*___ , ~~2017~~ *2018*, by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL
NATHAN EASTIN
NOTARIAL
STATE OF MONTANA

4

**TTR000068**

PROMISSORY NOTE
(AMENDED)

June 27, 2017

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $50,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000069

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000070

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.   Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.   Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.   Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.   Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13.   Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                         Texas Tea Reclamation, LLC

By: _____                        By: _____
      John E Williams, III                                Dymra H. Williams
      Managing Partner                                    Managing Partner

3

**TTR000071**

State of Montana
County of Gallatin

This instrument was acknowledged before me on ___Jan 2_____ 2018, by John E. Williams, ~~2017,~~ by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

**TTR000072**

## PROMISSORY NOTE
## (AMENDED)

**July 18, 2017**

1. Principal.

   FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $50,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

   Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

   All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

   Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

   The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

   Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

   If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

TTR000073

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000074

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

   In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10.  Number and Gender.

   In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11.  Headings.

   Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12.  Time is of the Essence.

   Time is of the essence with respect to every provision of this note.

13.  Governing Law.

   This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

   IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.


BORROWER:

Texas Tea Reclamation, LLC

By: _____
      John E Williams, III
      Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
      Dymra H. Williams
      Managing Partner

3

**TTR000075**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____ Jan 2 _____ 2xx8 , 2017, by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

**TTR000076**

**PROMISSORY NOTE**
**(AMENDED)**

**August 8, 2017**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000077**

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000078

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                         BORROWER:

Texas Tea Reclamation, LLC                        Texas Tea Reclamation, LLC

By: _____                     By: _____
     John E Williams, III                              Dymra H. Williams
     Managing Partner                                  Managing Partner

3

**TTR000079**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____ Jan 2 _____, 2017, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

TTR000080

**PROMISSORY NOTE**
**(AMENDED)**

**August 25, 2017**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000081**

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

   In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

   In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

   Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

   Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

   This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

   IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____
   John E Williams, III
   Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
   Dymra H. Williams
   Managing Partner

3

**TTR000083**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____Jan 2_____, ~~2017,~~ by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____

Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

4

**TTR000084**

## PROMISSORY NOTE
## (AMENDED)

**October 3, 2017**

1. Principal.

   FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

   Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

   All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

   Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

   The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

   Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

   If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000086

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9.  Modification.

     In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

     In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

     Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

     Time is of the essence with respect to every provision of this note.

13. Governing Law.

     This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

     IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____
     John E Williams, III
     Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
     Dymra H. Williams
     Managing Partner

3

**TTR000087**

State of Montana
County of Gallatin

This instrument was acknowledged before me on _____, 2017, by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL

4

**TTR000088**

**PROMISSORY NOTE**
**(AMENDED)**

**November 29, 2017**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Tx. 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $50,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 360-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

1

**TTR000089**

6. Waivers.

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

2

TTR000090

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13. Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                         Texas Tea Reclamation, LLC

By: _____                        By: _____
    John E Williams, III                               Dymra H. Williams
    Managing Partner                                   Managing Partner

3

**TTR000091**

State of Montana
County of Gallatin

This instrument was acknowledged before me on ___*Jan 2*___ , ~~2017,~~ *2018* by John E. Williams,
III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company
registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

_____
Notary Public Signature

NATHAN EASTIN
NOTARY PUBLIC for the
State of Montana
Residing at Bozeman, Montana
My Commission Expires
December 07, 2021

SEAL
NATHAN EASTIN
NOTARIAL
STATE OF MONTANA

4

**TTR000092**

## PROMISSORY NOTE

January 15, 2018

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Texas 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $50,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

**TTR000093**

6. <u>Waivers.</u>

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. <u>Notices.</u>

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. <u>Interest Rate Limitation</u>.

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence.</u>

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                             BORROWER:

Texas Tea Reclamation, LLC                            Texas Tea Reclamation, LLC

By:                                                   By:

John E Williams, III                                  Dymra H. Williams
Managing Partner                                      Managing Partner

State of Texas
County of Galveston

TTR000095

This instrument was acknowledged before me on _Febuary 11th_, 2019, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

ALEX RIVERA
Notary ID # 130654745
My Commission Expires
May 10, 2020

_____
Notary Public Signature

**PROMISSORY NOTE**

**March 15, 2018**

1. <u>Principal.</u>

      FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Texas 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $25,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>

      Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

      All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

      Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3. <u>Maturity Date.</u>

      The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. <u>Prepayment</u>.

      Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. <u>Attorneys' Fees and Costs.</u>

      If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

6. Waivers.

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. Notices.

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. Interest Rate Limitation.

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate  is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

    In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

    In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

    Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence.</u>

    Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

    This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

    IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:

Texas Tea Reclamation, LLC

By: _____
John E Williams, III
Managing Partner

BORROWER:

Texas Tea Reclamation, LLC

By: _____
Dymra H. Williams
Managing Partner

State of Texas
County of Galveston

TTR000099

This instrument was acknowledged before me on _February 11th_, 2019, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

ALEX RIVERA
Notary ID # 130654745
My Commission Expires
May 10, 2020

Notary Public Signature

TTR000100

## PROMISSORY NOTE

**April 15, 2018**

1. <u>Principal.</u>

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Texas 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $25,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3. <u>Maturity Date.</u>

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. <u>Prepayment</u>.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender. Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. <u>Attorneys' Fees and Costs.</u>

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

TTR000101

6. <u>Waivers.</u>

   (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

   (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

   (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. <u>Notices.</u>

   All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. <u>Interest Rate Limitation.</u>

   Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. Modification.

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. Number and Gender.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. Headings.

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. Time is of the Essence.

Time is of the essence with respect to every provision of this note.

13. Governing Law.

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                             BORROWER:

Texas Tea Reclamation, LLC                            Texas Tea Reclamation, LLC

By: _____                         By: _____
    John E Williams, III                                  Dymra H. Williams
    Managing Partner                                      Managing Partner

State of Texas
County of Galveston

This instrument was acknowledged before me on ___February 11th___ 2019, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

ALEX RIVERA
Notary ID # 130654745
My Commission Expires
May 10, 2020

_____
Notary Public Signature

## PROMISSORY NOTE

**June 15, 2018**

1. <u>Principal.</u>

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Texas 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. <u>Interest.</u>

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3. <u>Maturity Date.</u>

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. <u>Prepayment</u>.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. <u>Attorneys' Fees and Costs.</u>

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

**PROMISSORY NOTE**

June 15, 2018

1. Principal.

FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Texas 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $100,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been had been added to principal.

TTR000106

6. <u>Waivers.</u>

    (a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

    (b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

    (c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. <u>Notices.</u>

    All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. <u>Interest Rate Limitation.</u>

    Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining  whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                          BORROWER:

Texas Tea Reclamation, LLC                         Texas Tea Reclamation, LLC

By: _____                        By: _____
John E Williams, III                                Dymra H. Williams
Managing Partner                                    Managing Partner

State of Texas
County of Galveston

This instrument was acknowledged before me on _February  11th_, 2019, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

**ALEX RIVERA**
Notary ID # 130654745
My Commission Expires
May 10, 2020

Notary Public Signature

**TTR000109**

**PROMISSORY NOTE**

**August 1, 2018**

1. Principal.

    FOR VALUE RECEIVED, the undersigned, John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, on behalf of Texas Tea Reclamation, LLC., whose address is 2600 South Shore Harbor, No. 374, League City, Texas 77573, promise to pay to H. Stuart Campbell, Sr. (the "Lender"), whose address is 24 Royal County Down, Pinehurst, N.C. 28374, the sum of $50,000.00, with annual interest thereon calculated in accordance with the terms and provisions below. All sums owing under this note are payable in lawful money of the United States of America.

2. Interest.

    Interest accrued on this note shall be payable at a fixed per annum rate of 8 %, and shall be cumulative, until such time as this note is paid in full.

    All amounts required to be paid under Lender's Note shall be payable at Lender's address, or such other place as Lender, from time to time, may designate in writing.

    Interest calculations shall be based on a 365-day year and charged on the basis of actual days elapsed.

3. Maturity Date.

    The entire principal balance of this note, together with all accrued and unpaid interest, shall be due and payable on demand, unless otherwise prepaid in accordance with the terms of this note.

4. Prepayment.

    Borrower may prepay the whole or any portion of this note on any date, upon five days' notice to Lender.  Any payments of the principal sum received by Lender under the terms of this note shall be applied in the following order of priority: (a) first, to any accrued interest due and unpaid as of the date of such payment; (b) second, to the outstanding principal sum; and (c) the balance, if any, to any accrued, but not yet due and payable, interest.

5. Attorneys' Fees and Costs.

    If Lender engages any attorney to enforce or construe any provision of this note as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been been added to principal.

**TTR000110**

6. <u>Waivers.</u>

(a) Borrower hereby waives and releases all benefit that might accrue to Borrower by virtue of any present or future laws of exemption with regard to real or personal property or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment. Borrower agrees that any real estate that may be levied on under a judgement obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Lender

(b) Borrower and all endorsers, sureties, and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest, notice of protest of this note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this note. They agree that each shall have unconditional liability without regard to the liability of the other party, and that they shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender. Borrower and all endorsers, sureties, and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this note, and to the release of any collateral or any part thereof, with or without substitution, and they agree that additional borrowers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

(c) Lender shall not be deemed by any act of omission or commission to have waived any of its rights or remedies hereunder, unless such waiver is in writing and signed by Lender, and they only to the extent specifically set forth in writing. A waiver on one event shall not be construed as continuing or as a bar to or waiver of any right or remedy to a subsequent event.

7. <u>Notices.</u>

All notices required under or in connection with this note shall be delivered or sent by certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth in Paragraph 1 hereof, or to such other address as any party may designate from time to time by notice to the others in the manner set forth herein. All notices shall be deemed to have been given or made either at the time of delivery thereof to an officer or employee or on the third business day following the time of mailing in the aforesaid manner.

8. <u>Interest Rate Limitation.</u>

Notwithstanding anything to the contained herein to the contrary, the holder hereof shall never be entitled to collect or apply as interest o this obligation any amount in excess of the maximum rate of interest permitted to be charged by applicable law. If the holder of this note ever collects or applies as interest any such excess, the excess amount shall be applied to reduce the principal debt; and, if the principal debt is paid in full, any remaining excess shall be paid to the Borrower forewith. In determining whether the interest paid or payable in any specific case exceeds the highest rate allowed by law, the holder and the Borrower shall to the maximum

extent permitted under applicable law, (a) characterize any non-principal payment as an expense fee, or premium rather than as interest; (b) exclude voluntary prepayments and the effects of these; and, (c) spread the total amount of interest throughout the entire contemplated term of the obligation so that the interest rate  is uniform throughout the term. Nothing in this paragraph shall be deemed to increase the total dollar amount of interest payable under this note.

9. <u>Modification.</u>

In the event this note is pledged or collaterally assigned by Lender at any time or from time to time before the maturity date, neither Borrower nor Lender shall permit any modification of this note without the consent of the pledge/assignee.

10. <u>Number and Gender</u>.

In this note, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

11. <u>Headings.</u>

Headings at the beginning of each numbered paragraph of this note are intended solely for convenience of reference and are not to be construed as being a part of the note.

12. <u>Time is of the Essence</u>.

Time is of the essence with respect to every provision of this note.

13. <u>Governing Law.</u>

This note shall be construed and enforced in accordance with the laws of the State of Texas except to the extent the federal laws preempt the State of Texas.

IN WITNESS WHEREOF, Borrower has executed this promissory note, effective on the date set forth above.

BORROWER:                                                     BORROWER:

Texas Tea Reclamation, LLC                        Texas Tea Reclamation, LLC

By: _____            By: _____
         John E Williams, III                                      Dymra H. Williams
         Managing Partner                                       Managing Partner

State of Texas
County of Galveston

**TTR000112**

This instrument was acknowledged before me on _February 11th_, 2019, by John E. Williams, III and Dymra H. Williams, Managing Partners of Texas Tea Reclamation, LLC, a Limited Liability Company registered in the State of Texas, on behalf of said Limited Liability Company.

(Seal)

**ALEX RIVERA**
**Notary ID # 130654745**
**My Commission Expires**
**May 10, 2020**

_____
Notary Public Signature

**TTR000113**