

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| **KELLEN R. SCOTT**<br>SHAREHOLDER<br>DIRECT: 713.356.1767<br>KELLEN.SCOTT@CHAMBERLAINLAW.COM | 1200 SMITH STREET, SUITE 1400<br>HOUSTON, TEXAS 77002<br>713.658.1818    800.342.5829<br>FAX: 713.658.2553 | HOUSTON<br>ATLANTA<br>PHILADELPHIA<br>SAN ANTONIO |

May 11, 2020

<u>**Via Certfied Mail Return Receipt Requested**</u>
Jeffrey R. Elkin
MOUERHUSTON PLLC
349 Heights Blvd.
Houston, Texas 77007



Re:  No. 3:20–CV–00090; *H. Stuart Campbell, Jr. v. Texas Tea Reclamation, LLC*
   In the United States District Court, Southern District of Texas, Galveston Division

Dear Mr. Elkin:

I recently received Texas Tea Reclamation, LLC's Amended Answer. In that document, your client claims for the first time that the demand for payment my client made to your client five months ago was deficient because he did not send your client a letter by certified mail. There is no such requirement that your client belatedly seeks to erect. Indeed, your client suddenly takes this position despite acknowledging that it actually received the demand immediately after my client made it and your client formally responding (four months ago) to my client's demand shortly after receiving the demand.

My client disputes your client's sudden change in position that the Estate's December 2019 demand somehow did not constitute "an actual demand" under the more than twenty promissory notes that your client has refused to pay. Nevertheless, for the avoidance of doubt, I am re-sending you a copy of the Estate's demand by certified mail. Of course, because you represent the company, ethical and professional constraints prevent me from re-sending the enclosed letter directly to your client. Then again, your client already received it. Finally, because your client has failed to pay the notes upon demand, interest and attorney's fees continue to accrue.

Thank you for your attention to this important matter.

Sincerely

*/s/ Kellen Scott*

Kellen R. Scott

KRS:

Enclosure

**EXHIBIT A-5**

Campbell 000137




David T. Lewis
Partner

WRITER'S E-MAIL ADDRESS:
dlewis@jahlaw.com

WRITER'S DIRECT DIAL:
704-998-2208

December 12, 2019

**Via E-mail**
Ms. Dymra Henderson Williams
Mr. Jack Williams
Texas Tea Reclamation, LLC
2600 South Shore Boulevard, Suite 300
League City, Texas 77573
dymra@texastearec.com
jack@texastearec.com

Re:   Demand for Payment of Indebtedness to the Estate of Campbell

Dear Mr. and Mrs. Williams:

Stu Campbell ("Stu"), as Executor of the Estate of H. Stuart Campbell Sr. (the "Estate"), and Victoria Windell, as counsel for the Estate, have retained me to pursue all of the Estate's claims, including the Estate's right to repayment under the various promissory notes you executed on behalf of Texas Tea Reclamation, LLC (the "Company") as Managing Partners. To be clear, I have not been asked to negotiate the allocation of the Company's losses, negotiate a buyout of Mr. Campbell's interest in the Company, or negotiate any of the other matters you have discussed with Stu. Instead, I intend immediately to collect what the Company owes the Estate.

We hired an appraiser to determine the precise amount the Company owes pursuant to the notes you provided. The principal amount of the promissory notes totals $2,375,000.00. Still further, the interest that has accrued on the principal amount through the present date is 397,475.00 such that the total amount of principal and interest owed to date is $2,777,475.00.

All of the notes are demand notes so, to the extent one has not already been made, consider this an official demand for full payment plus interest within thirty (30) days. You also should be aware that, under paragraph 5 of each of the notes:

> If [H. Stuart Campbell, Sr.] engages any attorney to enforce or construe any provision of th[e] note[s] as a consequence of default whether or not any legal action is filed, Borrower shall immediately pay on demand all reasonable attorneys' fees and other Lender's costs, together with interest from the date of demand until paid at the highest rate of interest then applicable to the unpaid principal, as if such unpaid attorneys' fees and costs had been . . . added to principal.

Mr. and Mrs. Williams
December 12, 2019
Page 2 of 2

I understand from Stu that you report not having sufficient cash or assets to satisfy the Company's obligation. To the extent that is true, and because you previously made distributions to yourselves from the Company, you are personally liable for at least a portion of the debt. Section 101.206(a) of Title 3 of the Texas Business Organizations Code (the "Texas LLC Act") provides, "a limited liability company may not make a distribution to a member of the company if, immediately after making the distribution, the company's total liabilities . . . exceed the fair value of the company's total assets." "A member of a limited liability company who receives a distribution from the company in violation of this section is not required to return the distribution to the company *unless the member had knowledge of the violation*." *Id.* § 101.206(d) (emphasis added).

Here, we understand that Mr. Campbell originally contributed over $2 million in capital to the Company. At minimum, the Company had $2,375,000.00 in liabilities as a result of Mr. Campbell's loans. Accordingly, when you made distributions to yourselves totaling approximately $700,000.00, you were in violation of section 101.206(a) because, at best, you depleted the Company's assets to approximately $1,300,000.00, which is far below the liabilities of which we are aware. Furthermore, as Managing Partners you knew that your liabilities exceeded your assets when the distributions were deposited into your personal accounts. Therefore, you are required to return the distributions you made to yourselves to the Company to satisfy its obligation to the Estate, pursuant to section 101.206(d).

We are also troubled by the fact that, when distributing money to yourselves, you failed to make a distribution to Mr. Campbell. *See* Texas LLC Act § 101.203. Because Mr. Campbell did not receive his required distribution, the Estate "has the same status as a creditor of the company and is entitled to any remedy available to a creditor of the company." *Id.* § 101.203. Therefore, we reserve the right to seek other legal remedies as permitted by law.

Please let me know if you have any questions. We will look forward to hearing your plan for repayment in the coming days.

Sincerely,

JOHNSTON, ALLISON & HORD, P.A.

David T. Lewis

DTL/lps

cc:   Stu Campbell
      Victoria Windell, Esq.

Campbell 000139