UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| H. STUART CAMPBELL, JR. AS EXECUTOR OF THE ESATE OF H. STUART CAMPBELL, SR.<br><br>*Plaintiff*<br><br>V.<br><br>**TEXAS TEA RECLAMATION, LLC**<br><br>*Defendant.* | § § § § § § § § § § § § § | NO. 3:20-CV-00090 |

## TEXAS TEA RECLAMATION, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

TO:   Plaintiff, by and through his attorney of record, Kellen R. Scott, CHAMBERLAIN, HDRLICKA, WHITE, WILLIAMS & AUGHTRY, P.C. 1200 Smith Street, Suite 1400 Houston, Texas 77002.

Defendant Texas Tea Reclamation, LLC ("TTR") serves the following Objections and Responses to Plaintiff's First Requests for Admissions.

Date: June 29, 2020.

Respectfully Submitted,

**MOUERHUSTON PLLC**

By: */s/ Jeffrey R. Elkin*
     Jeffrey R. Elkin
     Attorney-in-Charge
     S.D. Tex. ID No. 69592
     Texas State Bar No. 06522180
     jelkin@mouerhuston.com
     Penn C. Huston
     S.D. Tex. ID No. 20542
     Texas State Bar No. 00796804
     phuston@mouerhuston.com
     349 Heights Blvd.
     Houston, TX 77007
     Telephone (832) 404-2978
     Facsimile (832) 209-8158
     **ATTORNEYS FOR DEFENDANT**

**EXHIBIT B-1**

-2-

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2020, a true and correct copy of the foregoing instrument was served via electronic mail on all counsel of record as follows:

Kellen R. Scott  
Ryan Oliver Cantrell  
CHAMBERLAIN, HRDLICKA, WHITE,  
WILLIAMS & AUGHTRY, P.C.  
1200 Smith Street, Suite 1400  
Houston, Texas 77002  
Kellen.scott@chamberlainlaw.com  
Ryan.cantrell@chamberlainlaw.com  
*Attorneys for Plaintiff*

                                             */s/ Jeffrey R. Elkin*  
                                             Jeffrey R. Elkin

## DEFENDANT'S RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

**Request for Admission No. 1**: Admit Texas Tea Reclamation, LLC did not tender any payment to H. Stuart Campbell, Sr. on the Promissory Notes.

**Response:**

Admitted.

**Request for Admission No. 2**: Admit no one tendered any payment on your behalf to H. Stuart Campbell, Sr. on the Promissory Notes.

**Response:**

Admitted.

**Request for Admission No. 3**: Admit Texas Tea Reclamation, LLC did not tender any payment to H. Stuart Campbell, Jr. on the Promissory Notes.

**Response:**

Admitted.

**Request for Admission No. 4**: Admit no one tendered any payment on your behalf to H. Stuart Campbell, Jr. on the Promissory Notes.

**Response:**

Admitted.

**Request for Admission No. 5**: Admit H. Stuart Campbell, Sr. did not accept any lesser payment from you in exchange for discharging your obligations under the Promissory Notes.

**Response:**

Denied at this time, because Defendant believes that Plaintiff took tax losses on the notes and asked Defendant to allocate those losses to him.

**Request for Admission No. 6**: Admit H. Stuart Campbell, Jr. has not accepted any lesser payment from you in exchange for discharging your obligations under the Promissory Notes.

**Response:**

Denied at this time, because Defendant believes that Plaintiff took tax losses on the notes and asked Defendant to allocate those losses to him.

**Request for Admission No. 7**: Admit John E. Williams, III signed the Promissory Notes while he was in the State of Montana.

**Response:**

Denied that the original notes were signed in Montana; admitted that the amended notes were signed while visiting in Montana.

**Request for Admission No. 8**: Admit Dymra Williams signed the Promissory Notes while she was in the State of Montana.

**Response:**

Denied that the original notes were signed in Montana; admitted that the amended notes were signed while visiting in Montana.

**Request for Admission No. 9**: Admit John E. Williams, III signed the Promissory Notes on January 2, 2018.

**Response:**

Denied that the original notes were signed on January 2, 2018; admitted that the amended notes were signed on January 2, 2018.

**Request for Admission No. 10**: Admit Dymra Williams signed the Promissory Notes on January 2, 2018.

**Response:**

Denied that the original notes were signed on January 2, 2018; admitted that the amended notes were signed on January 2, 2018.

**Request for Admission No. 11**: Admit you received a copy of Plaintiff's December 12, 2019 letter from David T. Lewis with the subject "Demand for Payment of Indebtedness to the Estate of Campbell" on December 12, 2019.

**Response:**

Admitted.

**Request for Admission No. 12**: Admit you acknowledged to David T. Lewis receiving his December 12, 2019 letter with the subject "Demand for Payment of Indebtedness to the Estate of Campbell" on December 12, 2019.

**Response:**

Admitted.

**Request for Admission No. 13**: Admit you responded to Plaintiff's December 12, 2019 letter from David T. Lewis with the subject "Demand for Payment of Indebtedness to the Estate of Campbell" on January 9, 2020.

**Response:**

Admitted.

**Request for Admission No. 14**: Admit your January 9, 2020 letter to David T. Lewis was in response to Lewis's December 12, 2019 letter.

**Response:**

Admitted.

**Request for Admission No. 15**: Admit you issued a Form W-2 Wage and Tax Statement to John E. Williams, III for his services in calendar years 2015, 2016, 2017, or 2018.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 16**: Admit you issued a Form W-2 Wage and Tax Statement to Dymra Williams for her services in calendar years 2015, 2016, 2017, or 2018.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 17**: Admit you issued a Form 1099-MISC Miscellaneous Income to John E. Williams, III for his services in calendar years 2015, 2016, 2017, or 2018.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 18**: Admit you issued a Form 1099-MISC Miscellaneous Income to Dymra Williams for her services in calendar years 2015, 2016, 2017, or 2018.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 19**: Admit you paid John E. Williams, III compensation, wages, or earnings in 2014 that was in addition to the $89,606 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to John E. Williams, III for calendar year 2014.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 20**: Admit you paid John E. Williams, III compensation, wages, or earnings in 2015 that was in addition to the $165,000 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to John E. Williams, III for calendar year 2015.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 21**: Admit you paid John E. Williams, III compensation, wages, or earnings in 2016 that was in addition to the $180,000 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to John E. Williams, III for calendar year 2016.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 22**: Admit you paid John E. Williams, III compensation, wages, or earnings in 2017 that was in addition to the $180,000 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to John E. Williams, III for calendar year 2017.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 23**: Admit you paid John E. Williams, III compensation, wages, or earnings in 2018 that was in addition to the $83,465 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to John E. Williams, III for calendar year 2018.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 24**: Admit you paid Dymra Williams compensation, wages, or earnings in 2014 that was in addition to the $73,981 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to Dymra Williams for calendar year 2014.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 25**: Admit you paid Dymra Williams compensation, wages, or earnings in 2015 that was in addition to the $165,000 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to Dymra Williams for calendar year 2015.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 26**: Admit you paid Dymra Williams compensation, wages, or earnings in 2016 that was in addition to the $150,000 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to Dymra Williams for calendar year 2016.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 27**: Admit you paid Dymra Williams compensation, wages, or earnings in 2017 that was in addition to the $150,000 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to Dymra Williams for calendar year 2017.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.

**Request for Admission No. 28**: Admit you paid Dymra Williams compensation, wages, or earnings in 2018 that was in addition to the $64,466 in guaranteed payments (Line 4) that is reflected on the Schedule K-1 that you issued to Dymra Williams for calendar year 2018.

**Response:**

Defendant objects to this request on the grounds that it is irrelevant to the cause of action and unnecessarily seeks employment and compensation information of a third-party. As a result, the request is overly broad and unduly burdensome and violates the confidentiality and privacy rights of a third-party.