United States District Court
Southern District of Texas
**ENTERED**
June 15, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| H. STUART CAMPBELL, JR., *in his Capacity as Executor of the Estate of H. Stuart Campbell, Sr.*, | § § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:20-CV-00090 |
| TEXAS TEA RECLAMATION, LLC., *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff's Motion for Summary Judgment as to Liability on His Claims for Breach of Contract ("Motion for Summary Judgment"). Dkt. 40. Having carefully reviewed the summary judgment briefing and the relevant legal authorities, I recommend that the Motion for Summary Judgment be **DENIED**.

## BACKGROUND

The parties agree on the following facts relevant to the Motion for Summary Judgment: H. Stuart Campbell, Sr. ("Campbell, Sr.") loaned Texas Tea Reclamation, LLC ("Texas Tea") $2.375 million over 28 installments, each of which was memorialized by a separate promissory note. The 28 promissory notes, ranging from $25,000 to $125,000 apiece, have effective dates between December 2015 and August 2018. Each promissory note matured and became payable in full, with accrued interest at eight percent annually, when a demand was made on Texas Tea to repay the note.

Campbell, Sr. passed away in December 2018. After his death, his estate demanded repayment of the promissory notes. To date, Texas Tea has not made any payments on the notes. When Texas Tea failed to pay the amounts due and

owing, Plaintiff H. Stuart Campbell, Jr. ("Campbell, Jr."), as executor of his father's estate, filed this lawsuit to collect on the outstanding promissory notes.

Campbell, Jr. has filed a motion for summary judgment, seeking to obtain a judgment on the amounts due on the promissory notes.

## LEGAL STANDARD

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hawes v. Stephens*, 964 F.3d 412, 415 (5th Cir. 2020) (quoting FED. R. CIV. P. 56(a)). In evaluating a summary judgment motion under Rule 56, I must consider the evidence in the light most favorable to the nonmoving party and resolve any doubts in favor of the nonmovant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). I "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Because Campbell, Jr., as plaintiff, bears the burden of proof at trial on his claim for affirmative relief, he "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## ANALYSIS

Although Campbell, Jr. brings a breach of contract claim, Texas law has "specified different essential elements for a claim on a promissory note than for a claim for breach of other types of contracts." *Dorsett v. Hispanic Hous. & Educ. Corp.*, 389 S.W.3d 609, 615 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (Frost, J., concurring). To enforce the promissory notes, Campbell, Jr. must prove: (1) the note in question; (2) that Texas Tea signed the note; (3) that Campbell, Jr. is the holder or owner of the note; and (4) that a certain balance is due on the note. *See Zentech, Inc. v. Gunter*, 606 S.W.3d 847, 852 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Dorsett*, 389 S.W.3d at 613; *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Tr. I*, 331 S.W.3d 500, 505 (Tex. App.—El Paso 2010, no pet.).

2

Elements 1, 2, and 4 are not in dispute. There are 28 promissory notes, all signed by representatives of Texas Tea. To date, Texas Tea has not made any payments on the notes. Thus, the sole question at the summary judgment stage is whether there is a genuine issue of material fact on element 2: is the plaintiff, Campbell, Jr., the holder or owner of the promissory notes? If Campbell, Jr. can demonstrate, as a matter of law, that he is the holder or owner of the promissory notes, summary judgment is appropriate.

## A.   HOLDER OF THE PROMISSORY NOTES

Campbell, Jr. insists that, as the executor of his father's estate, he is the "holder" of the promissory notes at issue. Campbell, Jr.'s argument fails because "holder" status is only applicable to negotiable instruments, and the promissory notes at issue are not negotiable instruments.

The Texas Business and Commerce Code defines "holder" as "the person in possession of a negotiable instrument." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). Under Texas law, an instrument is negotiable if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable "to bearer" or "to order" at the time it is issued or first comes into the possession of a holder. *Id.* § 3.104(a). To qualify as an instrument payable "to bearer," the promissory notes must state that they are "payable to bearer or to the order of bearer or otherwise indicate[] that the person in possession of the promise or order is entitled to payment." *Id.* § 3.109(a)(1). A promise is payable "to order" if it is payable (1) to the order of an identified person (i.e., "Pay to the order of Campbell, Sr."), or (2) to an identified person or order (i.e., "Pay to Campbell, Sr. or order"). *See id.* § 3.109(b).

Here, the promissory notes provide that Texas Tea "promise[s] to pay H. Stuart Campbell, Sr." the amount owed. Dkt. 40-3 at 1. Noticeably lacking are the magic words of negotiability—payable "to bearer" or payable "to order." *See Amplify Fed. Credit Union v. Garcia*, No. 03-17-00161-CV, 2017 WL 6757001, at *2 (Tex. App.—Austin Dec. 19, 2017, no pet.) ("[T]o be negotiable, an instrument

must contain words of negotiability."). Because the promissory notes are not payable "to bearer" or payable "to order," they lack "an essential element of a negotiable instrument." *Leavings v. Mills*, 175 S.W.3d 301, 311 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The net result: because the promissory notes are not negotiable instruments, Campbell, Jr. cannot, as a matter of law, be a holder of the notes. *See id.* ("Since the note is not a negotiable instrument, whenever Mills acquired it and under whatever terms he acquired it, he is not a holder.").

## B.   OWNER OF THE PROMISSORY NOTES

Having determined that Campbell, Jr. is not a holder of the notes, I now turn to examine whether Campbell, Jr. has established that he is the owner of the notes, and thus entitled to enforce them against Texas Tea. The legal test of ownership is time-honored:

> The payee establishes ownership of the note when he attests in an affidavit that he is the owner of the note, attaches a sworn "true and correct" copy of the original note to his affidavit, the note shows on its face that it was issued to him, and there is no summary judgment proof showing that the note has ever been pledged, assigned, transferred, or conveyed.

*Blankenship II v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ).

In seeking summary judgment, Campbell, Jr. submitted two declarations. *See* Dkts. 40-1 (declaration dated October 21, 2020), 49-1 (declaration dated May 14, 2021). Both declarations indicate that his father loaned Texas Tea $2.375 million, which was memorialized in 28 promissory notes. True and correct copies of those promissory notes are attached to Campbell, Jr.'s October 21, 2020 declaration. *See* Dkt. 40-3. Notably absent from either declaration, however, is any statement that Campbell, Jr. is the current owner of the 28 promissory notes. This deficiency is fatal to Campbell, Jr.'s efforts to obtain summary judgment. *See Ho v. Saigon Nat'l Bank*, 438 S.W.3d 871, 873 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("But [the affidavit] does not state that [plaintiff] is the current owner and

4

holder of the note. Without any testimony claiming current ownership, simply attaching an alleged photocopy of the original note to the . . . affidavit is insufficient to establish [plaintiff] as the owner and holder of the note.").

In his most recent declaration, Campbell, Jr. states under oath that he is the executor of his father's estate. In that role, he notes that he possesses the right to receive and administer all of the assets belonging to his father's estate. The declaration also explains that Campbell, Sr. "never pledged, assigned, transferred, or conveyed any of the notes before his death." Dkt. 49-1 at 2. This is insufficient to conclude that Campbell, Jr. is the *current* owner of the promissory notes as a matter of law. At best, this testimony establishes that the right to enforce the promissory notes rested with Campbell, Jr. upon his father's death. There is, however, no summary judgment evidence from which I can determine that Campbell, Jr. *currently* owns the promissory notes. Because Campbell, Jr. has failed to establish his current ownership of the promissory notes in dispute, summary judgment is inappropriate at this time. *See Ho*, 438 S.W.3d at 873–74 (finding summary judgment improper when plaintiff failed to prove its current ownership of the promissory notes at issue). To be clear, I am not suggesting that Campbell, Jr. will be unable to prove at trial that he is the current owner of the promissory notes. I am simply holding that Campbell, Jr. has failed to conclusively prove, at the summary judgment phase, his current ownership of the notes.[1]

## CONCLUSION

For the foregoing reasons, I recommend that the Plaintiff's Motion for Summary Judgment (Dkt. 40) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file

---

[1] Texas Tea also argues that even if Campbell, Jr. could establish the elements necessary to recover in a suit on the promissory notes, the statute of limitations bars his right to recover on five of those promissory notes. I need not address this argument because I have already determined that summary judgment is inappropriate on all 28 promissory notes.

written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002—13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

    SIGNED this 15th day of June 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE